(Decided 21st February, 1889.)

---

GEORGE W. MERRILL, WILLIAM D. HOYE, SYLVESTER RYLAND and WILLIAM HINEBAUGH *vs.* THE BOARD OF COUNTY SCHOOL COMMISSIONERS OF GARRETT COUNTY.

*Appointment of Civil officers by the Governor—Constitutional law—Sec.* 13, *of Art.* 2, *of the Constitution.*

Section 13, of Article 2, of the Constitution, providing that, "All civil officers appointed by the Governor and Senate, shall be nominated to the Senate within fifty days from the commencement of each regular session of the Legislature," applies to the appointment of all civil officers by the Governor, under laws in force at the commencement of the session, but not to appointments to be made by him under laws passed during the session.

APPEAL from the the Circuit Court for Garrett County, in Equity.

The appeal in this case was taken from an order of ths Court below, granting an injunction to restrain George W. Merrill, William D. Hoye, and Sylvester Ryland, from acting, or assuming to act, as the Board of County School Commissioners of Garrett County, and from doing, and performing any of the acts and duties rightfully and properly belonging to the office of said Board under the law; and to restrain William Hinebaugh from receiving or expending any moneys receivable or received for the use of said Board of School Commissioners, and from doing and assuming to do anything appertaining to the duties of the office of secretary, treasurer and examiner of said Board of School Commissioners, until the further order of the Court.    The case is stated in the opinion of this Court.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*Gilmor S. Hamill,* and *Thomas J. Peddicord,* for the appellants.

*John W. Veitch,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The order granting the injunction in this case must be reversed.    The parties to this appeal, are each claiming to be the legally constituted Board of School Commissioners of Garrett County.    The appellees were appointed by the Circuit Court of the county, under the Act of 1872, ch. 377; and the appellants, save Hinebaugh, were appointed by the Governor, under the Act of 1888, ch. 58, which repeals so much of the Act of 1872, as conferred the appointment upon the

Circuit Court. The validity of the appointment of the appellants is assailed on the ground that the Act of 1888 was passed, and their names submitted to the Senate after the expiration of fifty days from the commencement of the session of the Legislature. The question turns upon the construction of section 13, of Article 2, of the Constitution, which provides that:

"All civil officers appointed by the Governor and Senate, shall be nominated to the Senate within fifty days from the commencement of each regular session of the Legislature." The main object of .this provision was, to afford to the Senate full opportunity to ascertain and pass upon the fitness and qualifications of the several appointees nominated by the Governor for its confirmation, and which could not be done, if the appointments were delayed till the last days of the session. But this like, all other provisions, must have a reasonable construction, keeping in view the object for which it was adopted. And thus construing it, we cannot suppose the framers of the Constitution meant it to apply to appointments to be made by the Governor under laws passed during the session of the Legislature. If the construction insisted on by the appellees be correct, the Governor could not make appointments under laws passed after the expiration of fifty days from the commencement of the session, until the meeting of the next Legislature. Such cannot be the meaning of the Constitution. This section must be construed then as applying to the appointment of all civil officers by the Governor, *under the Constitution and laws in force at the commencement of the session of the Legislature;* and not to appointments to be made by him under laws passed during the session. The objection then to the validity of the appointment of the appellants on this ground cannot be sustained; nor in fact on any ground relied on by the appellees. The

term of two years for which the appellees had been appointed by the Circuit Court had expired, and they were holding over merely till the appointment and qualification of their successors. And the appellants having been duly appointed by the Governor and having qualified, they are, in our opinion, the legally constituted Board of School Commissioners of Garrett County.

It may be proper to add, that we are not to be understood as deciding that a *bill in equity for an injunction*, is the proper mode of proceeding for the purpose of testing the validity of the appellants' appointment, or their title to the office of School Commissioners. Their title, however, to the office is a matter of public concern, relating to the public schools of the county, and we have deemed it proper to decide the question without stopping to consider the mode of proceeding by which it is presented.

*Order reversed, and*
*bill dismissed.*

(Decided 26th February, 1889.)